UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| RAYMOND A. BEN, | ) | |
| | ) | |
| Petitioner, | ) | CASE NO.   C04-2158P |
| v. | ) | |
| | ) | |
| JAMES SPALDING, | ) | REPORT & RECOMMENDATION |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## INTRODUCTION

Petitioner has filed a *pro se* petition for a writ of habeas corpus, challenging his 2000 conviction in state court for first-degree robbery and first-degree burglary. After reviewing the petition, respondent's answer, and the balance of the record, the court concludes that petitioner has failed to exhaust his state court remedies and he is now procedurally barred from doing so. Accordingly, the petition should be dismissed pursuant to 28 U.S.C. § 2254(b).

## FACTS

The Washington Court of Appeals summarized the facts in petitioner's case as follows:

> On the morning of February 22, 2000, Norman Arkans arrived at his office on the fourth floor of Gerberding Hall on the University of Washington campus. As he stepped off the elevator, he saw a man, later identified as Ben, in the copy room. Arkans told Ben to leave the copy room and went to his office. Several minutes later, he returned to the copy room and saw Ben standing near the

REPORT & RECOMMENDATION
PAGE 1

elevator with graduate student Robert Corbett's computer under his arm. Arkans told Ben to stay where he was, but was immediately knocked unconscious as he turned away to go call the police.

     Marjorie Brewster, who also worked on the fourth floor, entered the copy room and saw Ben punching Arkans. She told Ben to leave and grabbed at his arm, but Ben struck her on the head, knocking her to the floor. Joyce Brewster, another university employee, heard the commotion and approached Ben, telling him to get out. Ben punched her in the face, grabbed her purse, and ran down the stairs. The police received a tip that Ben was involved in the incident, obtained a search warrant and found Ben's prints on a compact disc in Corbett's office. After they looked at a photo montage, Arkans, Marjorie Brewster, and Joyce Brewster all identified Ben as the man who struck them in the copy room. The State charged Ben with three counts of first degree burglary and one count of first degree robbery.

*Washington v. Ben*, No. 47272-1-l, Unpublished Opinion (Wash. Ct. App., August 12, 2002).

On July 5, 2000, a jury found petitioner guilty, as charged, of three counts of first-degree burglary and one count of first-degree robbery. (Dkt. #15, Ex. 1). Because these offenses were petitioner's "third strike" for purposes of Washington's Persistent Offender Accountability Act (POAA), the state court sentenced petitioner to life without parole. (*Id*. at 3).

Petitioner appealed to the Washington Court of Appeals and that court affirmed petitioner's judgment and sentence in an unpublished opinion.[1] (*Id*., Ex. 3). Petitioner then filed a petition for discretionary review in the Washington Supreme Court. (*Id*., Ex. 9). On December 2, 2003, the Washington Supreme Court denied the petition, thereby terminating direct review of petitioner's conviction. (*Id*., Ex. 10). The Washington Court of Appeals issued its mandate on December 17, 2003. (*Id*., Ex. 11).

Petitioner then collaterally attacked his conviction by filing a personal restraint petition

---

[1] The court of appeals later decided to publish a portion of the opinion which had precedential value interpreting the POAA. *See Washington v. Ben*, 114 Wash. App. 148, 55 P.3d 1169 (2002).

REPORT & RECOMMENDATION
PAGE 2

("PRP") in the Washington Court of Appeals. (*Id.*, Ex. 21). In the PRP, petitioner challenged the trial court's use of a 1976 conviction as a "strike" in sentencing petitioner under the POAA. On February 17, 2004, the Washington Court of Appeals dismissed the PRP, on the ground that "Ben's belated attempt to set aside his 1976 plea is time-barred." (*Id.*, Ex. 22 at 2). Petitioner did not seek further review by filing a motion for discretionary review in the Washington Supreme Court.

Petitioner filed the instant habeas petition in federal court on November 30, 2004. (Dkt. #8). Respondent filed an answer, along with the state court record, on January 20, 2005. (Dkt. #13, #15). Petitioner has not filed a reply and the petition is now ready for review.

## CLAIMS FOR RELIEF

Petitioner raises three claims for relief in his habeas petition: (1) there was insufficient evidence to support a conviction of first-degree robbery; (2) there was insufficient evidence to support a conviction of first-degree burglary; and (3) the trial court violated petitioner's right to a speedy trial. (Dkt. #8, Attachment at 3-5). As discussed below, the court recommends that this petition be dismissed on the ground that petitioner failed to exhaust his state court remedies; therefore, it is unnecessary to discuss the claims in further detail.

## DISCUSSION

The exhaustion doctrine has long been recognized as "one of the pillars of federal habeas corpus jurisprudence." *Calderon v. United States Dist. Ct. (Taylor)*, 134 F.3d 981, 984 (9th Cir.) (citations omitted), *cert. denied*, 525 U.S. 920 (1998). Underlying the exhaustion requirement is the principle that, as a matter of comity, state courts must be afforded "the first opportunity to remedy a constitutional violation." *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir. 1981). This principle is codified in the statute governing habeas corpus, which provides that

REPORT & RECOMMENDATION
PAGE 3

"[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1).

In addition, a petitioner must not only present the state court with the *first* opportunity to remedy a constitutional violation, but a petitioner must also afford the state courts a *fair* opportunity. *Picard v. Connor*, 404 U.S. 270 (1971); *Anderson v. Harless*, 459 U.S. 4 (1982). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. *Harless*, 459 U.S. at 6. "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

Finally, a petitioner must raise in the state court all claims that can be raised there, even if the state court's review of such claims is purely discretionary. *See O'Sullivan v. Boerkel*, 526 U.S. 838, 841-47 (1999). In other words, a petitioner must invoke one complete round of a state's established appellate review process, including discretionary review in a state court of last resort, before presenting the claims to a federal court in a habeas petition. *Id.* at 842-44. Thus, in Washington, a petitioner must seek discretionary review by the Washington Supreme Court in order to properly exhaust a claim and later seek habeas review in federal court.

Here, respondent asserts that petitioner has failed to exhaust his state court remedies because he failed to present any of his claims to the Washington Supreme Court. (Dkt. #13 at 7-8). After reviewing the state court record, the court finds that respondent's assertion is correct. In his petition for review to the Washington Supreme Court, filed after the court of appeals affirmed his conviction, petitioner raised two issues: (1) whether the state constitution

REPORT & RECOMMENDATION
PAGE 4

requires that a jury determine the existence of prior convictions in order to satisfy the POAA; and (2) whether the federal constitution requires that a jury determine "facts giving rise to Persistent Offender status." (Dkt. #15, Ex. 9 at 1). Thus, petitioner did not present to the Washington Supreme Court any of the three claims he presently raises in his habeas petition. Similarly, when petitioner sought discretionary review by the Washington Supreme Court of his personal restraint petition, he did not present any of the issues he raises here. (*Id.*, Ex. 21). Consequently, petitioner has failed to exhaust his state court remedies.

Moreover, petitioner's conviction became final when the Washington Court of Appeals issued its mandate on December 17, 2003, and, therefore, he is now barred by the one-year statute of limitations from returning to state court to present the unexhausted claims.[2] *See* RCW 10.73.090. Petitioner is further barred from filing a second personal restraint petition by the state rule against successive PRP's. *See* RCW 10.73.140. Thus, petitioner is now procedurally barred from raising the unexhausted claims in state court.

When, as here, a petitioner has procedurally defaulted on a claim in state court, the petitioner "may excuse the default and obtain federal review of his constitutional claims only by showing cause and prejudice, or by demonstrating that the failure to consider the claims will result in a 'fundamental miscarriage of justice.'" *See Noltie v. Peterson,* 9 F.3d 802, 806 (9th Cir. 1993) (citing *Coleman v. Thompson,* 501 U.S. 722 (1991)). Petitioner has failed to show, or even argue, that "cause and prejudice" exist excusing his default on the unexhausted claims. Nor has he shown that failure to consider the claims will result in a miscarriage of justice.

Accordingly, petitioner's claims are barred from federal habeas review and should be

---

[2] Although there are exceptions to the one-year time limit for reasons such as newly-discovered evidence or a change in the law, petitioner has not argued that any of these exceptions apply to his case and it appears that none do. *See* RCW § 10.73.100.

REPORT & RECOMMENDATION
PAGE 5

1 dismissed pursuant to 28 U.S.C. § 2254(b).

## CONCLUSION

For the foregoing reasons, petitioner's petition for a writ of habeas corpus should be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 22 nd day of February, 2005.

                                           s/ James P. Donohue
                                           United States Magistrate Judge